IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-cv-06675 |
| v. | ) | |
| | ) | |
| JOHN DOES 1-68, | ) | Honorable John Z. Lee |
| | ) | |
| Defendants. | ) | |

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION TO SEVER FOR IMPROPER JOINDER PURSUANT TO
FED. R. CIV. P. 21, MOTION TO QUASH SUBPOENA PURSUANT TO
FED. R. CIV. P. 45, AND MOTION TO PROCEED ANONYMOUSLY**

"To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive right to their respective Writings and Discoveries." U.S. CONST. art. I, § 8, cl. 8. This Constitutional protection was enacted in order to further the exploration of science and the useful arts *not* to aid in the pornography industry's attempt to introduce a new highly profitable distribution system. Similarly, the Federal Rules of Civil Procedure were enacted in order to govern and guide the parties and litigants in the search of judicial economy and judicial efficiency. The Plaintiff and similarly situated Plaintiffs throughout these United States Courts have twisted the copyright clause of the U.S. Constitution and the Federal Rules of Civil Procedure in order to maximize *profit* through scare tactics.

The matters before this Court are not complex. This case is all about profit, not about enforcing rights. The Plaintiff is attempting to use this Court to further the adult industry's new highly profitable distribution system. Litigation in the civil context is always about money. The difference with these types of suits, however, is that the Plaintiff has no desire to be made whole; they want to profit in ways that they could not profit outside of litigation. Allowing the Plaintiff

to continue on with improper joinder in this manner will mean similarly situated Plaintiffs can continue to use these federal courts to extract huge settlements from abusive litigation tactics from admittedly unreliable and incorrect data that cannot even identify the alleged infringers. The Plaintiff's attempt join these 68 Doe Defendants creates judicial inefficiency and judicial inequity and also violates the longstanding principles of joinder.

In alignment with the majority of Federal Courts, this Court should grant Defendant's Motion to Sever for Improper Joinder, should grant Defendant's Motion to Quash the Subpoena, and should grant Defendant's Motion to Proceed Anonymously. In addition, this Court should dismiss Doe 11 from this suit with prejudice.

## ARGUMENT

### I.  JOINDER IS IMPERMISIBLE UNDER RULE 20

Defendant's Motion to Sever should be granted because Plaintiff has improperly joined 68 Doe Defendants in this matter. Pursuant to Fed. R. Civ. P. 20(a)(2) joinder is only permissible as to defendants if the action arises out of the same transaction, occurrence or series of transactions, and questions of law and fact are common to all the defendants. Plaintiff has not shown, despite its illusory allegations, that the Defendants were engaged in the same transactions, occurrences or series of transactions. In addition, questions of law and fact are not common to all Doe Defendants.

### A.  Plaintiff Has Not Shown That Defendants Participated In The Same Series of Transactions.

Joinder is clearly inappropriate in this matter. Plaintiff has twisted and misconstrued copyright law in an attempt to confuse this Court into believing that these transactions are related. Copyright law provides a remedy for individual acts of infringement. The Plaintiff, as alleged, complains of 68 alleged acts of infringement, not one act of infringement committed by

2

68 different Defendants. It is also telling that Plaintiff alleges actual damages of lost sales. This implies that Plaintiff suffered a sales loss each time the work was allegedly separately downloaded, meaning these are allegedly separate and distinct allegations of infringement.

The majority view in federal courts should be adopted by this Court and Defendant's Motion to Sever should be granted. The allegations against Doe 11 and all other Does do not substantiate joinder. *Pacific Century International, Ltd. v. Does 1-101*, 2011 U.S. Dist. LEXIS 73837 *4 (N.D. Cal. July 8, 2011). Similarly, the Court held when separate acts of infringement are alleged, joinder is not proper. *See Millennium TGA v. Does 1-21*, 2011 U.S. Dist. LEXIS 53465 *3 (N.D. Cal. May 12, 2011); *Boy Racer v. Does 2-52*, U.S. Dist. LEXIS 86746 Docket No. 3 (N.D. Cal. August 5, 2011); *Diabolic Video Productions v. Does 1-2099* , 2011 U.S. Dist. LEXIS 58351, *10-11 (N.D. Cal. May 31, 2011).

Without alleging some concerted action by the Defendants, joinder is improper and impermissible. *Digital Sins, Inc. v. Does 1-245*, 2012 U.S. Dist. LEXIS 69286, *5 (S.D. N.Y. May 15, 2012). Plaintiff alleged each Defendant violated their "rights," not that they participated jointly to allegedly violate Plaintiff's "rights." Plaintiff has only and can only allege that each Defendant used the same protocol to allegedly download a film. Plaintiff has failed, however, to show Defendants ever acted in concert with each other. Without alleging that the Defendants allegedly acted in concert, joinder is not proper. *See SBO Pictures, Inc. v. Does 1-57*, 2012 U.S. Dist. LEXIS 56578, *4-5 (D. Md. April 20, 2012). *See also CineTel Films, Inc. v. Does 1-1052*, 853 F. Supp. 2d 545, 551-552 (D. Md. 2012).

BitTorrent cases are no different from other P2P cases. In the P2P lawsuits, courts routinely held that joinder was improper when the only commonality was the program used to allegedly download the work. *Electra Entertainment Group v. Does 1-9*, 2004 U.S. Dist. LEXIS

23560 *19-*20 (S.D. N.Y. Sept. 7, 2004). Further, even in non-P2P infringement cases the courts have held that just because it is alleged the Defendants committed acts against the same Plaintiff, joinder is still not proper without further connection between the Defendants. *In the matter of DIRECTV, Inc.*, 2004 U.S. Dist. LEXIS 24263, *10-*11 (N.D. Cal. July 26, 2009). The Court in *DIRECTV* ruled that since the parties had no business connections with each other and purchases were made separately, joinder was not proper. *Id.* Here it is clear that at very best, even though Plaintiff must admit that an IP address does not identify an infringer, Plaintiff has alleged separate download occurrences and has not submitted a single fact that all of the Does participated in the same events. In fact, Plaintiff cannot even show that any Defendant could not have still allegedly downloaded this "film" had it not been for any other Defendant. There are simply no set of facts to show these Defendants acted in the same series of transactions. Once more the alleged downloads occurred at different times days apart from each other. This is nothing more than alleged separate acts of downloads that are in no way connected.

Again since, as Plaintiff has alleged, these are alleged to be separate downloads apart from other Doe Defendants, joinder is not proper. *Hard Drive Productions v. Does 10188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011); *IO Group, Inc. v. Does 1-435*, 2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb. 3, 2011). Plaintiff cannot show that all Does acted in the same or series of transactions and, therefore, joinder is impermissible under Fed. R. Civ. P. 20(A)(2)(a).

Plaintiff's reliance on *U.S. v. Mississippi* for the proposition that joinder is permissible even if Defendants do not directly interact with each other is misplaced. Joinder was proper in the above case because they were acting under the same umbrella as part of a system to deprive African Americans from the right to vote.

### B. Joinder of Defendants Is Not Efficient

Joinder in this case will not promote judicial efficiency. The only efficiency created, not one meant for joinder purposes, exists for Plaintiff in avoiding filing fees. The Court must look to all stages of litigation to determine if joinder is appropriate. The Court must consider that it will have 60 plus defendants/attorneys at status calls, hearings, motion presentments, not even to mention the unimaginable nightmare of trial practices with 60 defendants. Plaintiff will have to answer 60 different sets of interrogatories, requests to admit, and document production requests. Counsel for Doe Defendants and the Doe Defendants themselves will have to coordinate depositions, of which quite a few depositions would be required, with 60 plus represented and unrepresented Doe Defendants. Logistically, each Defendant would have to make accommodations for at least 60 plus people at depositions, which could not be accomplished in most law firms or offices. Doe Defendants and their counsel would have to navigate through 60 plus answers and affirmative defenses. Joinder will cause this docket to come to a standstill. Joinder is only efficient for Plaintiff avoiding filing fees and pursuing a scale economy of settlement. There is absolutely no judicial efficiency created by joining these 60 plus Doe Defendants. Plaintiff is clearly only attempting to create their own efficiency by avoiding federally mandated filing fees.

Plaintiff also alleges that common issues of fact and law allow for these parties to be joined. This is not enough to permit joinder or every individual in a copyright lawsuit could be joined. Again, Plaintiff's allegations that joinder promotes judicial efficiency relate only to the judicial efficiency of mass settlement tactics in favor of the Plaintiff. Just because the Plaintiff has to prove how BitTorrent works in each case does not mean that joinder is permissible. The issues of law will exist in any copyright litigation, but the factual issues present in this case are

vast and will greatly vary for each Defendant. Doe 11 and every other Doe will have a different set of facts leading to different affirmative defenses and different strategies. The most important fact that the Plaintiff wants this Court to discard is the assertion of innocence submitted by Doe 11. The Plaintiff simply does not want to worry about all of the innocent individuals caught within their inaccurate net.

Joinder does not promote judicial efficiency in any way whatsoever. Joinder is impermissible in this case and Doe 11 should be severed and dismissed from this action.

## II. This Court Should Grant Doe 11's Motion to Quash

Defendant John Doe 11's Motion to Quash should be granted because disclosure of personal information would violate Defendant's rights of privacy and because the subpoena subjects Doe 11 to an undue burden. Pursuant to 45(c)(1) a party or attorney "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." That language makes it clear that the Plaintiff has an obligation to avoid exposing litigants to undue burden. Because Plaintiff has an obligation to avoid exposing litigants to undue burden, therefore Doe 11 has standing to assert undue burden.

Pursuant to Fed. R. Civ. P. 43(c)(iii) and (iv) a subpoena may be quashed if it requires the disclosure of privileged or protected matter or subjects a person to an undue burden. Plaintiff claims that case law apparently makes it clear that their interests outweigh those of the Defendants. This could not be further from the truth. Courts across the country have become keenly aware of the tactics that these "companies" are using. Hardly a week goes by without new BitTorrent litigation filed throughout the country. Courts have routinely acknowledged the abusive litigation tactics and settlement threats by plaintiffs. *In re BitTorrent Adult Film*

*Copyright Litigation Cases*, 2012 U.S. Dist. LEXIS 61447 at *19 (E.D. N.Y. May 1, 2012); *Zero*

*Tolerance Entertainment, Inc. v. Does 1-45*, 2012 WL 2044593 at *1 (S.D. N.Y. June 6, 2012).

The abusive litigation practices recognized by courts throughout this country are the

exact undue burden that would be placed upon Doe 11. Undue burden cannot and should not be

so strictly construed to relate only to production of materials. Courts must read undue burden to

encompass the disgusting tactics that so many of these plaintiff pornography companies institute.

It is an undue burden on Doe 11 to reveal personal information only so that Plaintiff can threaten

and intimidate Doe 11 into settling due to privacy concerns.

Take away the pornography aspect of this case for a second and imagine hauling every

individual owning a red 2011 Camry into court because an owner of a 2011 Camry was involved

in an accident. There is no way this Court would disclose the personal vehicle information of

every Camry owner just because Plaintiff can't figure out a way to identify, accurately, the

alleged wrongdoers. It would be an undue burden of each Camry owner and violate their privacy

interests. The same scenario plays out here. The Plaintiff cannot accurately show that any Doe

Defendant actually downloaded Plaintiff's "film," yet the Plaintiff wants this Court to force the

disclosure of Doe 11's information. The bottom line is that the Plaintiff knows full well that the

IP address cannot possibly identify alleged infringers to the degree necessary to force the

disclosure of protected private information. The Plaintiff complains that using an IP address is

the only way they know of to identify alleged infringers, but the fact remains that it cannot

actually identify any infringers and cannot necessarily lead to the identification of infringers.

While Plaintiff maintains that Doe 11 has only a minimal expectation of privacy in the IP

address, Plaintiff fails to take into account the fact that when compared with the "evidence" that

Plaintiff has submitted, the expectation of privacy outweighs Plaintiff's need to identify the

information because Plaintiff cannot show with even a reasonable degree of certainty that Doe 11 is the alleged infringer.

Innocent Doe Defendants settle because the fear tactics used by Plaintiff have been successful and the risk of being named in these suits is too much for them to bear. Doe 11 is also placed with the undue burden of proving innocence at this stage or face the implications that could stem as a result of disclosing Doe 11's identity. This court should force the Plaintiff and those similarly situated to prove at the outset with much more certainty that each Doe is an alleged infringer. Plaintiff claims the speech is not protected because it is regarding the infringements of copyrights, but the problem with that statement is that the Plaintiff is not able to claim that Doe 11 infringed any copyright because the use of an IP address cannot actually identify any alleged infringers just account holders.

It is not surprising to Doe 11 that the Plaintiff is not swayed by denials of liability, as the Plaintiff clearly is only interested in settlement not in identifying the actual alleged infringers. As previously cited in Doe 11's Motion, courts throughout this country have made it clear that the tactics utilized by the Plaintiff are abusive. When those abuses are coupled with the fact that the Plaintiff cannot accurately identify alleged infringers, the speech interests of Doe 11 are heightened. A court should not knowingly allow litigants to be subject to the abusive litigation tactics that are present in these types of suits, and the only remedy is to quash the subpoena served upon Doe 11's ISP.

The subpoena violates Doe 11's privacy rights because Doe 11 has not been shown to have committed any wrongdoing yet Plaintiff wants the disclosure of private information. Further, subjecting Doe 11 to the abusive tactics so frequently used by these plaintiffs places undue burden on Doe 11.

### III. Doe 11 Should Be Allowed to Proceed Throughout This Suit Anonymously.

It should be telling that Plaintiff objects to Doe 11 being allowed to proceed anonymously throughout the suit. Plaintiff claims it does not object to filing the matter under seal, however that does not allay any of Doe 11's concerns considering the tactics that are fraught with abuse similarly situated Plaintiffs have exhibited in these actions. Filing this matter under seal will still subject Doe 11 to inherent breaches of Doe 11's privacy expectations. Plaintiff has failed to show a single reason why Doe 11 should not be allowed to proceed anonymously in this litigation.

Plaintiff has not shown any legitimate reason it needs to know the personal information of Doe 11. The Plaintiff cannot show that Doe 11 infringed upon any of Plaintiff's "works" because the method the Plaintiff uses to identify alleged infringers is inaccurate at best. When looking at the fact that Plaintiff cannot accurately identify alleged infringers and the fact that Plaintiff objects to Doe 11 proceeding anonymously, it should be clear that something else is behind these lawsuits. Since Plaintiff cannot accurately identify infringers, this court should grant Doe 11's Motion to Proceed Anonymously because the resulting harm far outweighs the minute burden imposed upon the Plaintiff.

### <u>CONCLUSION</u>

Doe 11's Motion to Sever for Improper Joinder, Motion to Quash the Subpoena and Motion to Proceed Anonymously should be granted. Plaintiff has failed to show that joinder is proper, and has failed to show that Plaintiff has an overriding interest in learning the true identity of Doe 11. Further, Doe 11 has an inherent privacy expectation in the IP address and identifying personal information, and due to Plaintiff's abusive litigation tactics, the subpoena presents an undue burden for Doe 11. Doe 11's motion should be granted in its entirety and Doe 11 should

be dismissed from this suit. The tactics used by similarly situated Plaintiffs need to come to an

end, and the only way to accomplish judicial economy and justice is to grant Doe 11's motion.

Respectfully submitted,

/s/ Scott C. Zambo
Attorneys for Defendant Doe 11

William F. Kelley *3127281*
Scott C. Zambo *6294148*
Kelley, Kelley & Kelley
Attorneys for Defendant Doe 11
1535 West Schaumburg Road, Suite 204
Schaumburg, Illinois 60194
(847) 895-9151

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2012, I caused a copy of the foregoing to be filed with Clerk of the Court via electronic filing on the CM/ECF document filing system. I certify this document has been electronically served on all parties in the above-captioned case.

/s/ Scott C. Zambo

William F. Kelley *3127281*
Scott C. Zambo *6294148*
Kelley, Kelley & Kelley
Attorneys for Defendant Doe 11
1535 West Schaumburg Road, Suite 204
Schaumburg, Illinois 60194
(847) 895-9151

10