IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff | ) | No. 12 cv 06675 |
| | ) | |
| vs | ) | Judge John Z. Lee |
| | ) | |
| JOHN DOES 1 - 68 | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL MORGAN E. PIETZ TO IDENTIFY HIS CLIENT OR, IN THE ALTERNATIVE, MOTION TO STRIKE THE APPEARANCE OF MORGAN E. PIETZ**

Plaintiff, through its motion, is only seeking to learn John Doe X's Doe number[1] so that it may be able to determine whether John Doe X is a proper party to the case. Without knowing John Doe X's Doe number, Plaintiff and the Court cannot determine whether John Doe X has actual standing to file objections to the discovery in this case. In order for an individual to have standing to participate in a case, the individual must be a party. See Minority Employees of Tennessee Dept. of Employment Sec., Inc. v. State of Tenn., Dept. of Employment Sec., 573 F. Supp. 1346, 1349 (M.D. Tenn. 1983) ("In such cases of individual harm, the individual members claiming harm generally must be parties to the suit").

Plaintiff has not sued anyone by the name of John Doe X. Plaintiff is prejudiced by the presence of John Doe X in this case, by having to expend substantial time, effort and resources to respond to John Doe X's numerous filings when John Doe X may not even be a party to this action, or exist at all. Likewise, the Court also has to expend

---

[1] Plaintiff requests John Doe X provide either its Doe number or IP address, like all other attorneys have provided in this case.

judicial resources to rule on John Doe X's motions when John Doe X may not be a party. Without knowing whether or not the defendant is a proper party to the case, Plaintiff cannot be sure whether Morgan Pietz through local counsel Erin Russell is actually representing a defendant or merely meddling.

Plaintiff's citation to Judge Michelson's case is <u>Malibu Media v. John Does 1-28</u>, 4:12-cv-12598 (E.D. Mich. Oct. 21, 2012), Doc. #17, *22 is on point. In <u>Malibu</u>, the Honorable Judge Michelson, citing <u>Sunlust Pictures</u>, stated, "Sunlust will not be unfairly prejudiced because it will know Doe's true identity and can prosecute any claims that have legal merit." <u>Id</u>. citing <u>Sunlust Pictures, LLC v. Does 1-75</u>, 12 C 1546, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012). Plaintiff cited both of these cases for the proposition that even if a protective order is granted to avoid public disclosure of the defendant's name, Plaintiff should be allowed to know the Doe's identity. While Plaintiff is aware that it may not know the actual identity of the defendants until the Court rules on the motions, Plaintiff should still be allowed to know John Doe X's doe number and that he is a party. Further, if the Court rules that Plaintiff may receive the names of the defendants, once received Plaintiff will not know which defendants are represented by counsel. If the Court rules in favor of the defendants and severs the case, Plaintiff will not know whether to notify counsel when it refiles its cases. If John Doe X is a real party to this case, Plaintiff needs to know which defendant counsel represents for logistical purposes.

In John Doe X's reply he attempts to argue that no case law or legal argument exists to support the fact that an attorney must represent a client to appear and file motions in a case. That argument ignores LR 5.3 cited in Plaintiff's motion. This Court

does not permit the filing of any document, other than a motion to intervene, by a non party. John Doe X is not a party. John Doe X also ignores the meaning behind Rule 11. Implicit in Rule 11 is the concept that an attorney must represent a party to appear in a case. "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11. Implicit in this rule is that if an attorney is filing a motion, the attorney is doing so on behalf of a party.

Defense counsel may hurl insults at Plaintiff, trying to suggest that Malibu Media should not be given the same rights as other plaintiffs, but that does not change the fact that he must represent a defendant to appear and file a motion in a case. Plaintiff does not intend to intrude on defense counsel's attorney client privilege. Plaintiff is not violating attorney client privilege by knowing who counsel represents. In fact, withholding such information is likely a violation of the Illinois Rules of Professional Conduct. "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous." RULE 3.1 MERITORIOUS CLAIMS AND CONTENTIONS, ILCS S Ct Rules of Prof.Conduct, RPC Rule 3. If defense counsel does not actually represent a defendant, there is no basis for him to assert or controvert issues in this case.

At this point, defense counsel has not demonstrated that he represents a defendant. For these reasons, Plaintiff respectfully requests the Court compel attorney Morgan Pietz to identify his client by Doe number or, in the alternative that the filings by Morgan Pietz be stricken.

Dated: January 4, 2013

                                     MALIBU MEDIA, LLC

                                     */s/Mary K. Schulz*_____
                                      One of its attorneys

Mary K. Schulz, 6183773
Schulz Law, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
224.535-9510

## CERTIFICATE OF SERVICE

     I, the undersigned attorney, certify that on December 4, 2012 I electronically filed the foregoing Reply to Motion to Compel or Strike with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all entitled to notice.

                                         /s/Mary K. Schulz_____
                                         Mary K. Schulz